Greest, J.,
delivered the opinion of the Court.
It appears from the record in this case, that Onslow G. Murrell, J. H. Tyffe, William Clark, and Hugh Smith, executed their bill single to Thomas B. Emerson, for three thousand dollars, dated 12th June, 1841, and due two years after date. Clark and Smith are sureties for the other parties. This suit is brought by the plaintiff in error, as assignee, *78 against Murrell, Tyffe, and Clark. The two former, pleaded payment, and Clark pleaded that the words “three thousand,” and the date, were not written when he signed and sealed the paper, but were afterwards inserted without his knowledge or assent, and therefore, the same is not his deed.
On the trial, Hugh Smith the co-surety of Clark was offered, as a witness, in support of the plea of non est factum, and a certificate in bankruptcy, having been produced, and read, discharging Smith from all liability for his debts, he was examined as a witness. To the competency of this witness the plaintiff objected.
The jury found for the defendant, and the plaintiff appealed to this Court. The question now is, did the Court err in admitting the testimony of Smith. And we think it did.
It is true, Smith had been discharged in bankruptcy, and as between himself and the holder of the note he was under no responsibility, but should Clark be compelled to pay this debt, as surety, he will then have a right of action against Smith, for contribution, as co-surety. Clark’s right of action would accrue, after the discharge in bankruptcy of Smith, and of course, would be unaffected by that discharge. Goss vs. Gibson, 8 Hum. Rep. 197.
If then, Smith would be bound to contribute in case Clark is compelled to pay this money, he is directly interested in preventing the recovery oí the plaintiff against Clark, and is therefore incompetent to testify for Clark.
This is not like the case of Carman vs. White, 4 Hum. Rep. 301. That was a case of co-obligors, but not of co-sureties.
Reverse the judgment and remand the cause.